IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT L. TEW, JR., #A0090997, | ) ) ) | CIV. NO. 10-00511 LEK |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION |
| vs. | ) ) | |
| TODD THOMAS, | ) ) ) | |
| Respondent. | ) ) ) | |

## ORDER DISMISSING PETITION

Before the court is *pro se* Petitioner Robert L. Tew, Jr.'s Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254.[1] Respondent has filed an Answer to the Petition, and Tew has filed a Reply. (Docs. 13, 14.) For the following reasons, the court DISMISSES the Petition with prejudice and DENIES a certificate of appealability.

### I. PROCEDURAL HISTORY AND BACKGROUND

**A. State Criminal Proceedings**

On April 4, 2006, Tew was indicted on one count of unlawful methamphetamine trafficking in the first degree in violation of Hawaii Revised Statutes ("Haw. Rev. Stat.") § 712-1240.6(2), a class A felony.[2] (Resp't Ex. A.) The indictment

---

[1] Tew is a Hawaii prisoner incarcerated at the Saguaro Correctional Facility, located in Eloy, Arizona.

[2] A violation of Haw. Rev. Stat. § 712-1240.6(2) is punishable by an indeterminate twenty-year term of imprisonment. Haw. Rev. Stat. § 706-659.

arose from Tew's involvement in the sale of methamphetamine, in the amount of one-eighth ounce or more, to an undercover police officer. (*Id.*)

Tew entered a guilty plea to a reduced charge of unlawful methamphetamine trafficking as a class B felony[3] in the Circuit Court of the First Circuit ("circuit court"), State of Hawaii, pursuant to a plea agreement. (Resp't Exs. B, C.) Tew pled guilty to the lesser charge and stipulated to an indeterminate ten-year term of imprisonment with a mandatory minimum of six years and eight months (for being a repeat offender), and the State of Hawaii agreed to not seek extended or consecutive terms of imprisonment. (Resp't Ex. B.) The circuit court accepted the plea agreement and a Judgment of Conviction and sentence was entered on April 5, 2007. (Resp't Exs. C, D.)

On September 4, 2007, Tew filed a petition under Rule 40 of the Hawaii Rules of Penal Procedure ("Rule 40 Petition").[4] (Resp't Ex. E.) Tew raised three grounds for relief: (1) ineffective assistance of counsel on the basis that he was unable to read and write and his trial counsel coerced him to accept the plea agreement; (2) ineffective assistance of counsel on the

---

[3] A class B felony charge (Haw. Rev. Stat. § 712-1240.6(3)) concerns the sale or distribution of methamphetamine in an amount less than one-eighth ounce, and is punishable by an indeterminate ten-year term of imprisonment. Haw. Rev. Stat. § 706-659.

[4] Tew did not directly appeal his sentence.

basis that his trial counsel failed to inform him that a confidential informant tampered with evidence; and (3) his conviction was obtained by the use of evidence obtained pursuant to a constitutional violation. (*Id.* at 5-6.) The circuit court granted Tew a hearing on the Rule 40 Petition and appointed him counsel.[5]

At the hearing, Tew's argument concerned the undercover police officer's report, wherein she stated that the confidential informant, who had set up the drug transaction, "pinched" or removed a portion of the methamphetamine from the packet containing the drugs.[6] (Resp't Ex. G.) This occurred after the drug transaction was completed. Tew argued that such incident constituted evidence tampering. (*Id.*) He claimed that his trial counsel never informed him of that incident and had he known, he would have not agreed to the plea agreement and would have instructed his trial counsel to file a motion to suppress the methamphetamine evidence.[7] (*Id.*) The circuit court denied Tew's

---

[5]Shawn Luiz, Esq., represented Tew at the hearing and throughout the state court appeal of the circuit court's denial of the Rule 40 Petition.

[6]According to the police report filed by the undercover police officer, after she received the methamphetamine from Tew, the confidential informant requested to view the drugs and then removed a portion of the drugs from the packet without her consent. (Resp't Ex. F at Ex. D.)

[7]Tew's trial counsel, Dana Ishibashi, Esq., testified that he read and reviewed the "pinching" incident described in the
(continued...)

3

Rule 40 Petition and he timely appealed to the Hawaii Intermediate Court of Appeals ("ICA"). (Resp't Ex. J.)

The ICA affirmed the circuit court's decision to deny Tew's Rule 40 Petition. (Resp't Ex. M.) The ICA concluded that (1) Tew "knowingly, voluntarily, and intelligently" accepted the plea agreement and that he was not coerced into changing his plea; (2) Tew's "pinching" argument was (i) irrelevant because he stipulated to the amount of the methamphetamine *after* the pinching occurred, and (ii) waived because he "clearly knew about the 'pinching' issue before he entered into the plea agreement," and therefore relief was not available pursuant to Rule 40; and (3) Tew's counsel was not ineffective. (*Id.*) The Hawaii Supreme Court denied Tew's application for certiorari on August 10, 2010. (Resp't Ex. P.)

**B. Federal Habeas Petition**

Tew presents three grounds for relief. In ground one, he asserts that the circuit court wrongly concluded that he voluntarily and intelligently entered a guilty plea despite his inability to read or write, and overlooked or disregarded the fact that tampering with evidence is a crime.

---

[7](...continued)
police report on several occasions with Tew. (Resp't Ex. H at 9-10.) He also testified that he explained to Tew that the removal of a portion of the methamphetamine from the packet by the confidential informant did not affect the net weight of the methamphetamine that was submitted into evidence, and therefore had no bearing on the crime Tew was charged with. (*Id.* at 10.)

In ground two, Tew asserts ineffective assistance of counsel. He claims that his trial counsel (1) disregarded Tew's inability to read or write and coerced him to accept an illegal plea, (2) failed to inform him that the confidential informant removed a portion of the methamphetamine from the packet obtained by the undercover police officer in the drug buy, and (3) failed to move to suppress the methamphetamine evidence on the basis that it had been improperly altered.

In ground three, Tew asserts that his constitutional rights were violated "because of tampered evidence by police dep[artment]." He states that the undercover officer wrote in her police report that "she gave the inform[ant] back the drugs so he pinch some for himself." He also states that the police department failed to file any charges against the informant or the police officer for those actions.

## II. LEGAL STANDARD

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)[8]; *see also Coleman v. Thompson*,

---

[8] 28 U.S.C. § 2254(b)(1) states that an application for a writ of habeas corpus shall not be granted unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective
(continued...)

5

501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

Exhaustion requires that a petitioner clearly alert the state court that he is alleging a specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) (general appeal to due process not sufficient to present substance of federal claim); *Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (explaining that general reference to insufficiency of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked specificity and explicitness required); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion."). A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or case law, *Lyons*, 232 F.3d at 670, or

---

[8](...continued)
process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

6

by citing state cases that plainly analyze the federal constitutional claim. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc); *cf. Fields v. Waddington*, 401 F.3d 1018, 1022 (9th Cir. 2005) (stating that mere citation to a state case that conducts both a state and federal law analysis does not, by itself, satisfy exhaustion).

In Hawaii, there are two procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and post-conviction relief proceedings under Hawaii Rules of Penal Procedure 40. Rule 40 provides that a petitioner is precluded from relief on any claim that was previously ruled upon or was waived on direct appeal or in a prior post-conviction petition. Haw. R. Penal P. 40(a)(3).

### III. DISCUSSION

#### A. Tew's Federal Claims Are Unexhausted

Respondent argues that Tew's federal claims are unexhausted because he failed to present them as violations of a federal constitutional right to the state appellate court. This court agrees. Tew's state court appellate brief failed to apprise the ICA that he was making a federal constitutional claim and "describe both the operative facts and the federal legal theory" underlying his claims. *See Castillo v. McFadden*, 399 F.3d 993, 998-99 (9th Cir. 2005).

Although somewhat confusing, the bulk of Tew's argument in his ICA brief, filed by his appointed counsel, concerns his contention that the circuit court failed to understand the significance of the "pinching" incident described in the police report.[9] Tew argued that, based on the confidential informant's actions, the State would have been unable to prove that the weight of the methamphetamine was one-eighth ounce or more, the requisite amount necessary to charge him with a class A felony. Tew therefore contended that he would not have taken a plea agreement for a reduced class B felony because the State would have been unable to charge him with a class A felony in the first instance. Tew also argued that the confidential informant's removal of a portion of the methamphetamine constituted evidence tampering and that it would have been inadmissible at trial, and that his counsel was ineffective for not filing a motion to suppress such evidence.

The arguments set forth in Tew's ICA brief clearly analyzed state law but did not raise any federal constitutional claims. For example, with respect to Tew's evidence tampering claim, he cited and discussed only state law cases, with two exceptions: *Gallego v. United States*, 276 F.2d 914 (9th Cir.

---

[9]Much of the text in the argument section of Tew's state court appellate brief is made up of verbatim citation to various Hawaii Revised Statutes and block quotes from state court decisions.

1960) and *United States v. Brown*, 482 F.2d 1226 (8th Cir. 1973). Both of those federal case citations are imbedded in a quotation from a Hawaii case[10] discussing the proper foundation needed under Hawaii law to admit "fingerprint cards" in evidence. The imbedded federal cases simply discuss the factors to be considered in making a determination of the admissibility of a physical exhibit, but do not otherwise analyze or discuss those factors in the context of a federal constitutional claim. Tew's citation to those federal cases did not exhaust his federal constitutional claims raised here. *See Castillo*, 399 F.3d at 1000 ("Citation of irrelevant federal cases does not provide a state court with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.") (internal quotation marks omitted).

Similarly, Tew cited only state law cases in support of his ineffective assistance of counsel claim. Those cases set forth the more lenient Hawaii state law standard for ineffective assistance of counsel that does not require a showing of actual prejudice as required under the federal law standard of review.[11]

---

[10]Cited in Tew's state court appellate brief as *State v. Olivera*, 57 Haw. 339, 344-345 (Haw. 1976).

[11]In Hawaii, counsel is ineffective when his or her performance contains specific errors or omissions reflecting a lack of skill, judgment or diligence and such errors resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. *See State v. Briones*, 74 Haw. 442, 464, 848
(continued...)

9

Indeed, Tew continues to stand on the more lenient state law standard in this action arguing in his Reply that "[t]he Hawaii Supreme Court has explicitly rejected the federal standard of review in ineffective assistance of counsel cases." (Doc. 14 at 5.) When ineffective assistance of counsel claims are presented using State cases only, as a strategic choice to take advantage of less stringent state standards, a petitioner's claims have not been fairly presented as federal claims. *See Fields*, 401 F.3d at 1022; *Casey*, 386 F.3d at 912 n.13; *Peterson*, 319 F.3d at 1159.

Finally, while Tew's ICA appellate brief does refer to the 14th Amendment and due process once, it is not in reference to any specific argument or claim. Exhaustion demands more than a citation to a general constitutional provision, "detached from any articulation of the underlying federal legal theory." *Castillo*, 399 F.3d at 1003. Nor is a federal claim exhausted by a petitioner's mention, in passing, of a broad constitutional concept, such as due process. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (holding that "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to

---

[11](...continued)
P.2d 966, 977 (1993) (specifically rejecting the federal requirement of actual prejudice) *compare Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (holding that counsel is ineffective when his or her performance was objectively unreasonable and actually prejudiced the defense).

establish exhaustion.") (citation omitted). Tew's single reference to the 14th Amendment and due process in his ICA appellate brief did not exhaust the federal claims he now raises.[12] In sum, Tew's ICA appellate brief is void of any articulation or analysis of a federal constitutional violation and thus failed to apprise the ICA that he was making a federal constitutional claim. Tew's federal claims raised in this Petition are unexhausted.

**B. Tew's Federal Claims Are Procedurally Defaulted**

Where a petitioner has failed to fairly present a federal claim in state court, as here, the court must consider whether any state exhaustion remedies exist. *See Ortiz v. Stewart,* 149 F. 3d 923, 931 (9th Cir. 1998). In some instances a claim can be technically exhausted even though the state court did not address its merits. This is referred to as "procedural bar" or "procedural default." A claim is procedurally defaulted if the state court declined to address the issue on its merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* Procedural bar provides an independent and

---

[12]The Petition alleges federal claims under the 5th, 6th, 8th and 14th Amendments but only the 14th Amendment is referenced in Tew's ICA brief.

adequate state-law ground for the conviction and sentence and prevents federal habeas corpus review unless the petitioner can demonstrate cause and prejudice for failing to raise the claim in the state proceedings, or actual innocence. *Gray v. Netherland*, 518 U.S. 152, 161-162 (1996); *see also Murray v. Carrier*, 477 U.S. 478, 485-495 (1986); *Franklin*, 290 F.3d at 1231.

To summarize, failure to exhaust and procedural default are distinct, yet interrelated concepts. *See Franklin*, 290 F.3d at 1230-1231. Under both doctrines, however, the federal court may be required to refuse to hear a habeas claim. *Id.* The difference is that when a petitioner fails to exhaust, he may still be able to return to state court to present his claims. *Id.* In contrast, "[w]hen a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default . . . the district court dismisses the petition because the petitioner has no further recourse in state court." *Id.* at 1231.

Tew's federal claims in this Petition are procedurally defaulted. The time for direct appeal of Tew's federal claims in state court has long passed. *See* Haw. R. App. P. 4(a). Tew's only potential remedy is a second Rule 40 petition. Rule 40, however, precludes post-conviction relief on issues that have

been "previously ruled upon or waived."[13] Haw. R. Penal P. 40(a)(3). Waiver occurs when the petitioner fails to raise an issue that could have been raised before trial, at trial, on appeal or in a habeas or Rule 40 proceeding. *Id.* Tew's federal claims clearly could have been raised in his first Rule 40 proceedings but were not and are now waived. Tew's federal claims are therefore procedurally defaulted because the State would now apply Rule 40(a)(3) precluding Tew from now raising such claims in state court. *See Moreno v. Gonzalez*, 116 F.3d 409, 411 (9th Cir. 1997).

## C. **Tew's Claims Are Precluded From Federal Habeas Review**

When a state prisoner has procedurally defaulted his federal claims in state court, federal habeas review is precluded unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *see*

---

[13]The Ninth Circuit has held that Rule 40(a)(3) is consistently applied and an adequate and independent state procedural rule sufficient to support procedural default. *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003); *see also Elizares v. Parker*, No. 06-465 HG-LEK, 2007 WL 2048832, at *2-3 (D. Haw. July 12, 2007) (adopting the Magistrate Judge's finding that Rule 40(a)(3) is an adequate and independent state procedural rule sufficient to support a finding of procedural default), *aff'd*, No. 07-16491, 2009 WL 766506 (9th Cir. Mar. 24, 2009).

*also Carrier*, 477 U.S. at 485; *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

To demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Carrier*, 477 U.S. at 488; *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (examples include government interference or reasonable unavailability of factual basis for claim). If the petitioner has not demonstrated cause for procedural default, the federal court need not consider the issue of prejudice. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). To establish prejudice, the petitioner "bears the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989); *U.S. v. Frady*, 456 U.S. 152, 170 (1982).

Finally, a petitioner may overcome a procedural bar if he can demonstrate "that failure to consider the claims will result in a fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). In the federal habeas context, this "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually

innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Id.* at 321. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Id.* at 329.

   1.  **No cause for procedural default**

Petitioner contends that if his federal claims are unexhausted, his appellate counsel is to blame by failing to raise them, thereby prejudicing his federal habeas action. (Doc. 1 at 12.) Attorney error cannot constitute cause to excuse a procedural default if the petitioner did not have a constitutional right to counsel in the proceeding in which the default occurred. *See Coleman*, 501 U.S. at 752-54. A constitutional right to counsel does not exist in state post-conviction proceedings, *see Coleman*, 501 U.S. at 573, even if that counsel is appointed by the court, *see Poland v. Stewart*, 169 F.3d 573, 588 (9th Cir. 1999), or even if the post-conviction proceeding is the first instance where the petitioner can raise the claim, *see Ellis v. Armenakis*, 222 F.3d 627, 633 (9th Cir. 2000).

Tew was not entitled to representation of counsel in his Rule 40 proceedings, or on appeal from the circuit court's denial of the same, and therefore, any ineffective assistance claim against his appointed counsel does not constitute cause for the procedural default of his federal claims.  Moreover, Tew having failed to raise the ineffective assistance of appellate counsel claim in state court, it is unexhausted and cannot be used to excuse his failure to exhaust the claims that he presented in this action.  *See Edwards*, 529 U.S. at 452 (holding that an ineffective assistance of appellate counsel claim may not be used as "cause" to excuse a procedurally defaulted (or unexhausted) claim, unless "*that* constitutional claim . . . [was] first raised in the state court") (emphasis in original).  Because Tew has not shown cause, the court need not reach the issue of prejudice.  *See Smith v. Murray*, 477 U.S. 528, 533 (1986); *Thomas*, 945 F.2d at 1123 n.10.

**2. No fundamental miscarriage of justice**

Tew also fails to demonstrate that a determination by the court not to review his federal claims will result in a fundamental miscarriage of justice.  Tew does not present or point to any new evidence that would show he was actually innocent of the charges against him.  To the contrary, Tew acknowledged his unlawful actions before the circuit court and

pled guilty to the charge of unlawful methamphetamine trafficking and agreed to the imposed sentence. (*See* Resp't Ex. C.)

More importantly, Tew was granted a full evidentiary hearing by the circuit court on the factual allegations underlying his federal claims. The circuit court found, as affirmed by the ICA, that Tew's counsel did not coerce him into the plea agreement and that his guilty plea was otherwise voluntarily and intelligently pled, that his counsel advised him on multiple occasions of the pinching incident contained in the police report prior to the change of plea, and that a motion to suppress the methamphetamine evidence based on the pinching incident would not have been meritorious. *See Cooper v. Brown*, 510 F.3d 870, 919 (9th Cir. 2007) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary") (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)); 28 U.S.C. § 2254(e)(1)). Accordingly, a fundamental miscarriage of justice will not result if the court declines to consider this Petition.

## IV. <u>CONCLUSION</u>

Based on the above, the court DISMISSES the Petition with prejudice. A Certificate of Appealability is DENIED because (1) dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and (2) Tew has not made a substantial showing of the

denial of a constitutional right.  See *Miller-El*, 537 U.S. at 327; Rule 11(a), Rules Governing § 2254 Proceedings.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 9, 2011.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


*Tew v. Thomas* CV10-00511 LEK prose attys\Habeas\PWM\Tew 10-511 LEK rev1 (deny unexh)